No. 47,095

PAYTON MADISON and LARRY LOGAN, *Appellees,* and *Cross-Appellants,* v. WICHITA, SEDGWICK COUNTY HEALTH DEPT., By and Through the Director, Dr. M. LEON BAUMAN, and MARTIN SILVA, Individually, and as the Agent, Servant or Employee of THE WICHITA, SEDGWICK COUNTY HEALTH DEPT., *Appellants.*

(518 P. 2d 935)

Opinion filed January 26, 1974.

*Eugene L. Pirtle,* of Wichita, argued the cause, and *John Dekker,* of Wichita, was with him on the brief for the appellants.

*Paul L. Gray,* of Wichita, argued the cause, and was on the brief for the appellees and cross-appellants.

*Per Curiam:* This is an action by plaintiffs (Payton Madison and Larry Logan) to recover actual and punitive damages for the wrongful removal of certain animals—owned by the plaintiffs— by defendants or their agents, servants, or employees. Defendant Wichita Sedgwick County Health Department was dismissed from the action by the administrative judge on pretrial motion. At the close of plaintiffs' evidence during a jury trial, defendant Bauman was dismissed from the action by the trial court. The jury returned a verdict only for plaintiff Madison; thus, plaintiff Logan and defendants Wichita Sedgwick County Health Department and Bauman have been eliminated from the action leaving only plaintiff Madison and defendant Silva, as parties, in this appeal.

Plaintiff Madison owned three horses and a hog which were kept by him on property of the Santa Fe Railroad Company within the city limits of Wichita. Madison testified that he had permission of the railroad to keep his animals on its property and that he had constructed a fence around a portion of the property and had built a shed for protection of the animals. Madison submitted evidence that one of his horses was wrongfully removed on April 11, 1971;

that on April 23 two additional horses and one hog were taken; and that the animals were staked and/or fenced in and were not running at large. There was evidence that defendant Silva, whose title was Public Health Sanitarian II, was present and participated in the taking of the two horses and a hog on April 23. Madison submitted evidence that he was damaged in the amount of $181 for redemption fees and hauling expenses; $500 for the loss of one grey horse; and $100 for damages to his corral, totaling $781.00 actual damages.

The jury was properly instructed concerning the City Ordinances pertaining to animals running at large and as to the liability of city officials and employees in accordance with our decision in *Gardner v. McDowell*, 202 Kan. 705, 451 P. 2d 501. The jury was further instructed concerning punitive damages. There were no objections lodged by either party to the instructions or the forms of verdict submitted by the court. The jury returned a verdict in favor of Madison and against defendant Silva in the amount of $1,625. The jury was polled and the verdict was accepted without objection by either party. On motion for a new trial filed by Silva the trial court refused to set aside the verdict but ordered a remittitur of $844 and found that Madison was entitled to judgment only in the amount of $781, the total of actual damages prayed for by Madison.

Defendant Silva appeals claiming in substance that the trial court erred in overruling his motion to dismiss, following plaintiffs' evidence; in refusing to direct a verdict at the close of defendants' evidence; and in refusing to set aside the verdict and grant a new trial.

Plaintiff Madison cross-appeals claiming the trial court erred in reducing the verdict to $781.00 by striking the portion awarded for punitive damages.

There is sufficient evidence in the record to justify submitting Silva's case to the jury. Neither party objected to the instructions when submitted nor did either object to the verdict when it was returned. On reconsideration of the verdict on motion for a new trial, the trial court concluded the evidence did not justify an award of punitive damages. Our examination of the record reveals no reason to disturb the trial court's conclusion in this regard.

On the record here presented there is no showing of reversible error in either the appeal or the cross-appeal—therefore the judgment is affirmed.